HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN ALLEN MCCRACKEN,<br><br>                Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. C16-5468 RBL<br><br>ORDER ON MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 |

THIS MATTER is before the Court on Petitioner Steven McCracken's motion to vacate his conviction pursuant to 28 U.S.C. § 2255 [Dkt. 1]. In 2012, a jury convicted McCracken of two counts related to his participation in a conspiracy to distribute large quantities of methamphetamine.[1] The Court sentenced McCracken to 168 months imprisonment and the Ninth Circuit affirmed. In McCracken's 147-page petition for habeas relief, he asserts forty-five[2] grounds for vacating his convictions. Nearly half of the grounds revolve around McCracken's ineffective assistance of counsel claims, while others have already been rejected by the Ninth Circuit on direct appeal. The Government argues that McCracken's grounds are either recycled from his direct appeal, have been waived, or are otherwise meritless.

---

[1] *United States v. McCracken*, 3:11-cr-5295-RBL.

[2] McCracken numbers his claims from one to fifty, however several numbers are skipped.

ORDER ON MOTION TO VACATE PURSUANT
TO 28 U.S.C. § 2255 - 1

| | |
|---|---|
| 1 | **I. BACKGROUND** |
| 2 | McCracken has an extensive history of drug possession, manufacturing, and distribution |
| 3 | convictions dating back to 1998. McCracken's current incarceration stems from his involvement |
| 4 | in a methamphetamine distribution conspiracy. The facts at trial established that a confidential |
| 5 | informant implicated McCracken in several large methamphetamine transactions. Law |
| 6 | enforcement surveilled McCracken leaving one such drug transaction. McCracken led officers on |
| 7 | a high-speed chase after they attempted to pull him over. McCracken was taken into custody |
| 8 | after abandoning his vehicle and throwing a bag containing three pounds of methamphetamine |
| 9 | off of a bridge into the Cowlitz River below. Law enforcement discovered methamphetamine, |
| 10 | drug distribution paraphernalia, and nearly $19,000 in cash in McCracken's vehicle. At trial, |
| 11 | McCracken argued that he was under duress when he participated in the drug conspiracy. The |
| 12 | jury convicted McCracken of conspiracy to distribute methamphetamine (Count 1) and |
| 13 | possession with intent to distribute methamphetamine (Count 3). The Court sentenced |
| 14 | McCracken to 168 months imprisonment and five years of supervised release. The Court denied |
| 15 | McCracken's Rule 29 motion for a judgment of acquittal, and his convictions were affirmed by |
| 16 | the Ninth Circuit. *McCracken*, 3:11-cr-5295-RBL, Dkt. 147; Dkt. 190. McCracken subsequently |
| 17 | filed a Rule 33 motion for a new trial, the denial of which was again affirmed by the Ninth |
| 18 | Circuit. *Id.* at Dkt. 216; Dkt. 233. |
| 19 | **II. LEGAL STANDARD** |
| 20 | Courts have an obligation to construe a *pro se* petitioner's pleadings liberally. *See* |
| 21 | *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman*, 773 F.2d |
| 22 | 1026, 1027 n.1 (9th Cir. 1985). A § 2255 petition for habeas relief is the proper avenue for a |
| 23 | prisoner in federal custody to petition the court that sentenced him to vacate, set aside, or correct |
| 24 | |

his sentence if it imposed his sentence "in violation of the Constitution or laws of the United States" or lacked "jurisdiction to impose such sentence," or if his sentence exceeded "the maximum authorized by law" or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief, the movant must prove, by a preponderance of the evidence, the existence of an error rendering his conviction unlawful. *See Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997). The petitioner bears the burden of establishing any factual predicates necessary to establish his claims. *See Grady v. United States*, 929 F.2d 468, 471 (9th Cir. 1991).

"Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979); s*ee also Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."); *United States v. Scrivener*, 189 F.3d 825, 828 (9th Cir. 1999) (noting issues decided on direct appeal are binding on a court considering habeas relief). As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The U.S. Supreme Court held that an ineffective assistance of counsel claim is an exception to the general rule and may be brought in the first instance in a timely § 2255 motion, regardless of whether the petitioner could have raised the claim on direct appeal. *Id*.

### III. ANALYSIS

Many of McCracken's forty-five grounds for vacating his conviction are repetitive and even McCracken concedes that some grounds are the same. *See* Dkt. 27 at 34 ("Grounds 40 and 41 can be thought of as one ground."). Construing his voluminous *pro se* filings liberally, the Court addresses the common issues from McCracken's petition rather than each overlapping

claim individually. Because McCracken has failed to prove by a preponderance of the evidence the existence of an error rendering his conviction unlawful, his § 2255 petition is **DENIED**.

**A. Ineffective Assistance of Counsel**

Approximately twenty-two of McCracken's forty-five claims are for ineffective assistance of counsel at various stages of his trial and appeal.[3] McCracken's failure to raise his numerous ineffective assistance of counsel claims on direct appeal does not preclude him from bringing them in this § 2255 petition. *Massaro*, 538 U.S. at 509. To prevail on his ineffective assistance of counsel claims, McCracken must show both that (1) his counsel's representation fell below an objective standard of reasonableness and (2) the deficiency in counsel's performance was prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "Judicial scrutiny of counsel's performance must be highly deferential" and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. McCracken cannot satisfy either prong of *Strickland*.

1. Counsel's performance did not fall below an objective standard of reasonableness.

At trial, McCracken's lawyer focused on a duress defense, arguing that McCracken's fear of a fellow drug associate motivated his involvement in the drug conspiracy. This strategy was reasonable considering the amount of evidence implicating McCracken in the conspiracy. The jury was unpersuaded by this defense. With the benefit of hindsight, McCracken now claims that his attorney should have pursued a host of different pre-trial, trial, and post-trial tactics and defense theories of the case. But "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct

---

[3] *See* Dkt. 27, Grounds 4, 6, 12, 14, 15, 17, 18, 19, 21, 24, 30, 32, 37, 38, 40, 41, 42, 43, 44, 45, 46 and 50.

from counsel's perspective at the time." *Id*. A reasonable attorney is not required to make every potentially meritorious motion. *Carrera v. Ayers*, 670 F.3d 938, 944 (9th Cir. 2011). McCracken's post-conviction critique of the strategic decision not to pursue untenable defenses does not demonstrate that his counsel's representation fell below the objective standard of reasonableness. As this Court observed firsthand during trial, and as the Ninth Circuit noted on direct appeal, "McCracken's counsel was still able to put on a vigorous defense at trial." *McCracken*, 3:11-cr-5295-RBL, Dkt. 190 at 3.

  2. <u>McCracken was not prejudiced by counsel's allegedly deficient performance.</u>

  Even if McCracken could establish that his trial counsel's performance was deficient (which it was not), McCracken cannot demonstrate that he was prejudiced by his counsel's allegedly deficient performance. As the Government correctly points out, this case was not a close one. The Government put on substantial evidence of McCracken's direct involvement in multiple transactions for large quantities of methamphetamine. McCracken was apprehended after abandoning his vehicle which contained drugs, paraphernalia, and $18,900 in cash. Officers recovered substantial quantities of methamphetamine which McCracken tried to dispose of in the Cowlitz River. McCracken testified to his own involvement in the conspiracy in support of his duress defense. Given the overwhelming evidence of McCracken's guilt, not even the most skilled attorney arguing all of the theories now advanced by McCracken would have changed the outcome of this case.

**B. Self-Representation and Other Issues Decided on Direct Appeal**

  Eight of McCracken's claims (3, 5, 6, 8, 9, 10, and 11) stem from the perceived denial of his Constitutional right to self-representation. *See* Dkt. 27. But the Ninth Circuit has already addressed McCracken's claims regarding self-representation in his direct appeal, concluding, "our review of the record confirms that McCracken never unequivocally asserted his right to

self-representation." *McCracken*, 3:11-cr-5295-RBL, Dkt. 190 at 4. McCracken may not re-litigate issues decided on his direct appeal in his § 2255 petition. *See Currie*, 589 F.2d at 995. Similarly, the Ninth Circuit rejected McCracken's claims regarding constructive amendment, evidence of prior bad acts, and typographical errors in the jury instructions, and the Court will not entertain those claims here. *McCracken*, 3:11-cr-5295-RBL, Dkt. 190 at 1–7.

**C. Issues Not Previously Raised are Waived**

McCracken raises several more meritless claims ranging from his competency to stand trial to allegations of prosecutorial misconduct. Some issues, like McCracken's competency, were resolved prior to trial [Dkt. 105], while others were neither raised at trial or in his direct appeal of his convictions. As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro*, 538 U.S. at 504. McCracken has not shown the required cause or prejudice to justify bringing any new claims for the first time in his § 2255 petition. *See Achondo v. United States*, 2016 WL 2930439, at *2 (W.D. Wash. May 19, 2016) (citing *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996)).

Despite the laundry list of claims raised by McCracken, he has failed to demonstrate by a preponderance of the evidence the existence of an error rendering his conviction unlawful. Accordingly, his § 2255 petition [Dkt 1] is **DENIED**.

**IV. CERTIFICATE OF APPEALABILITY**

McCracken also requests the Court grant a Certificate of Appealability. Dkt. 27 at 42. Because reasonable jurists would agree that McCracken has not made a substantial showing of the denial of a constitutional right, the Court **DECLINES** to issue a Certificate of Appealability. 28 U.S.C. §2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## V. CONCLUSION

McCracken's petition to vacate his convictions pursuant to 28 U.S.C. § 2255, and his request for a Certificate of Appealability are **DENIED**.

IT IS SO ORDERED.

Dated this 6th day of December, 2017.

_____
Ronald B. Leighton
United States District Judge